DEMME (DAVID) BEKELE, a Minor, by Hanna Hailu, his Mother and Next Friend, Plaintiff-Appellant, v. RONALD NGO, Defendant-Appellee.

First District (3rd Division) No. 1—90—2978

Opinion filed September 30, 1992.

Sheldon Hodes, of Chicago (Leonard D. Litwin, of counsel), for appellant.

No brief filed for appellee.

PRESIDING JUSTICE GREIMAN delivered the opinion of the court:

This negligence action arose out of a traffic accident between the operators of a bicycle and a car. Plaintiff, Demme (David) Bekele, a minor, by his mother and next friend, Hanna Hailu, appeals from the judgment entered in favor of defendant, Ronald Ngo, following a bench trial and from the trial court's denial of his motion for a new trial.

Defendant has not filed an appellee brief, but we are authorized to decide this case under *First Capitol Mortgage Corp. v. Talandis Construction Corp.* (1976), 63 Ill. 2d 128, 345 N.E.2d 493.

For the reasons which follow, we affirm.

The accident occurred at the intersection of an alley and a sidewalk in a residential Chicago neighborhood. The nine-year-old plaintiff was riding a bicycle on a sidewalk and defendant was driving a car down the alley.

Plaintiff testified that while he was riding his bicycle on the sidewalk, he saw defendant in the alley, stopped his bicycle about one-quarter of the way into the alley and attempted to back up, but that defendant ran over his bicycle with the car's bumper and right front tire.

Defendant testified that as he was emerging from the alley, he saw plaintiff coming down the sidewalk and stopped his car but that plaintiff rode his bike into the side of his car on the right front fender in front of the wheel. Defendant's son's testimony corroborated defendant's statement that the car was damaged on the right front fender in front of the wheel.

Clearly, the parties' versions of the events vary. The trier of fact, not the reviewing court, must resolve conflicts in the evidence and questions of fact.

Plaintiff contends that the trial court's decision is erroneous because defendant violated section 11—1205 of the Illinois Vehicle Code (Ill. Rev. Stat. 1987, ch. 95½, par. 11—1205) and that such violation is *prima facie* evidence of negligence under the holding in *Wallace v. Weinrich* (1980), 87 Ill. App. 3d 868, 409 N.E.2d 336.

Section 11—1205 provides as follows:

"The driver of a vehicle emerging from an alley, building, private road or driveway within an urban area shall stop such vehicle immediately prior to driving into the sidewalk area extending across such alley, building entrance, road or driveway, or in the event there is no sidewalk area, shall stop at the point nearest the street to be entered where the driver has a view of approaching traffic thereon, and shall yield the right-of-way to any *pedestrian* as may be necessary to avoid collision, and upon entering the roadway shall yield the right-of-way to all vehicles approaching on such roadway." (Emphasis added.) Ill. Rev. Stat. 1987, ch. 95½, par. 11—1205.

Plaintiff also relies on section 27—223 of the Municipal Code of Chicago, which provides:

"The driver of a vehicle emerging from an alley, driveway, or building shall stop such vehicle immediately prior to driving onto a sidewalk or onto the sidewalk area extending across an alleyway, yielding the right-of-way to any *pedestrian* as may be necessary to avoid collision, and upon entering the roadway shall yield the right-of-way to all vehicles approaching on said roadway." (Emphasis added.) Chicago Municipal Code §27—223 (1987), now Chicago Municipal Code §9—24—060 (1990).

Both the Vehicle Code and the Municipal Code define the term "pedestrian" as "[a]ny person afoot." (Ill. Rev. Stat. 1987, ch. 95½, par. 1—158; Chicago Municipal Code §27—200 (1987), now Chicago Municipal Code §9—4—010 (1990).) A "bicycle" is defined as a "device propelled by human power upon which any person may ride." (Ill. Rev. Stat. 1987, ch. 95½, par. 1—106; Chicago Municipal Code §27—200 (1987), now Chicago Municipal Code §9—4—010 (1990).) Given these statutory definitions, neither section 11—1205 of the Vehicle Code nor section 27—223 of the Chicago Municipal Code is appropriate in this case since plaintiff was not a pedestrian within the meaning of these statutes.

Plaintiff's status as a bicyclist also distinguishes him from the two-year-old pedestrian involved in the *Wallace* case relied on by plaintiff. (*Wallace,* 87 Ill. App. 3d 868, 409 N.E.2d 336.) In *Wallace,* the two-year-old plaintiff was a pedestrian struck by a car backing out a driveway and the court held that a violation of section 11—1205 of the Illinois Vehicle Code was *prima facie* evidence of negligence. However, we find that the present case does not fall within the parameters of section 11—1205.

This is not to say that an automobile driver emerging from an alley would not be required to yield to a minor operating a bicycle, but merely that the minor does not come within the ambit of the statutes and defendant's liability would be predicated upon common law negligence.

Although plaintiff argues that the trial court's reasoning was flawed, a reviewing court generally considers the propriety of the decision, not the reasoning. Much as we might wish, we cannot disturb the judgment of the court following a bench trial where it has resolved the conflicting evidence unless that judgment is against the manifest weight of the evidence and an opposite conclusion is clearly evident. (*Schackleton v. Federal Signal Corp.* (1989), 196 Ill. App. 3d 437, 444-45, 554 N.E.2d 244; *In re Estate of Thompson* (1989), 186 Ill. App. 3d 874, 880, 542 N.E.2d 949.) We believe that the record does not mandate an opposite conclusion.

For all the foregoing reasons, we affirm the trial court's judgment.

Judgment affirmed.

TULLY and CERDA, JJ., concur.