THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellant, v. ERIC C. ISAACSON, Defendant-Appellee.

Fourth District   No. 4—96—0900

Opinion filed June 5, 1997.

John C. Piland, State's Attorney, of Urbana (Norbert J. Goetten, Robert J. Biderman, and James Majors, all of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

Edward H. Rawles, of Rawles, O'Byrne, Stanko & Kepley, P.C., of Champaign, for appellee.

PRESIDING JUSTICE STEIGMANN delivered the opinion of the court:

In October 1996, the State charged defendant, Eric C. Isaacson, with improper emerging from an alley in violation of section 11—1205 of the Illinois Vehicle Code (Code) (625 ILCS 5/11—1205 (West 1994)). In November 1996, defendant moved to dismiss the information on the ground that it failed to properly charge him with an offense. The trial court conducted a hearing on that motion and granted it. The State appeals, and we reverse and remand.

## I. BACKGROUND

The State's information against defendant alleged that he violated the Code as follows:

"[W]hile driving a motor vehicle upon a public highway in Champaign County, Illinois, namely: University Avenue, emerging from an alley, building, private road, or driveway within an urban area[,] he failed to stop his vehicle immediately prior to driving into the sidewalk area extending on such alley, building entrance, road or driveway, and/or failed to yield the right-of-way to a bicycle causing a collision."

■ Defendant moved to dismiss this information on the ground that it failed to charge him with an offense under section 11—1205 of the Code, which reads as follows:

"The driver of a vehicle emerging from an alley, building, private road or driveway within an urban area shall stop such vehicle immediately prior to driving into the sidewalk area extending across such alley, building entrance, road or driveway, or in the event there is no sidewalk area, shall stop at the point nearest the street to be entered where the driver has a view of approaching traffic thereon, *and shall yield the right-of-way to any pedestrian as may be necessary to avoid collision*, and upon entering the roadway shall yield the right-of-way to all vehicles approaching on such roadway." (Emphasis added.) 625 ILCS 5/11—1205 (West 1994).

Defendant argued to the trial court that the State charged him with failure to yield the right-of-way to a bicycle, although the statute he was charged with violating makes no reference to requiring an operator of a vehicle to yield the right-of-way to a bicycle. Defendant pointed out that section 1—158 of the Code defines "[p]edestrian" as "[a]ny person afoot," while section 1—106 of the Code defines "[b]icycle," in part, as "[e]very device propelled by human power upon which any person may ride, having two tandem wheels." 625 ILCS 5/1—158, 1—106 (West 1994). Defendant contended that these definitions and *Bekele v. Ngo*, 236 Ill. App. 3d 330, 603 N.E.2d 735 (1992), a decision interpreting section 11—1205 of the Code, required the trial court to dismiss the information because it failed to state a cause of action.

*Bekele* cited the Code's definitions of "pedestrian" and "bicycle" and held that, in view of those statutory definitions, section 11—1205 of the Code did not require the driver of a vehicle pulling out of an alley to yield the right-of-way to a person on a bicycle. *Bekele*, 236 Ill. App. 3d at 332, 603 N.E.2d at 737. The *Bekele* court also added the following:

"This is not to say that an automobile driver emerging from an alley would not be required to yield to a minor operating a bicycle, but merely that the minor does not come within the ambit of the statutes and defendant's liability would be predicated upon common law negligence." *Bekele*, 236 Ill. App. 3d at 332, 603 N.E.2d at 737.

■ At the hearing on defendant's motion, the State cited section 11—1512(c) of the Code, entitled "Bicycles on sidewalks," which reads, in pertinent part, as follows: "A person propelling a bicycle upon and along a sidewalk *** shall have all the rights and duties applicable to a pedestrian under the same circumstances." 625 ILCS 5/11—1512(c)

(West 1994). The State contended that the plain language of that section meant that section 11—1205 of the Code required the driver of a vehicle emerging from an alley to yield the right-of-way to a bicyclist just as much as that driver had to yield the right-of-way to a pedestrian.

Defendant responded that section 11—1512(c) of the Code did not apply in this case because the Code specifically defined "[p]edestrian" as a person afoot. Defendant also called the State's argument inconsistent with *Bekele*.

In rebuttal, the State argued that *Bekele* was a civil case that did not directly deal with section 11—1512(c) of the Code. In fact, the case made no reference to that section at all. The State thus argued that the trial court should find *Bekele* inapposite and deny defendant's motion to dismiss.

The trial court granted the motion even though it observed that *Bekele*, "which was decided in the First District in 1992[,] is wrong." The court noted that "unless you know your way around the [Code], you're never going to discover [section 11—]1512(c) when looking to [section 11—]1205." Despite the trial court's stated belief that *Bekele* was wrongly decided, it ruled that *Bekele* was "the only precedent I have in the State of Illinois. And the [t]rial [c]ourt is supposed to follow what the [a]ppellate [c]ourt rulings are."

## II. ANALYSIS

■ On appeal, the State repeats the arguments it made to the trial court. The State contends that this court should construe the two statutes at issue—sections 11—1205 and 11—1512(c) of the Code—to properly reflect legislative intent, which is that a driver operating an automobile exiting from an alley across a sidewalk must yield to avoid hitting persons riding bicycles on the sidewalk. We agree and concur with the views the trial court expressed, as follows:

> "[Section 11—1512(c)] says all of the rights and duties [applicable to a pedestrian belong to a bicyclist], and [under section 11—]1205 pedestrians are given a specific right. If *Bekele* is correct, that means that people ride bicycles on sidewalks at their own risk and anybody can hit them if they wish to."

Article XV of chapter 11 of the Code deals exclusively with bicycles and constitutes a legislative recognition that bicycles are different from other vehicles, both because they are smaller and travel less quickly than other vehicles and because they are frequently ridden by children on sidewalks. Indeed, section 11—1512 of the Code is devoted entirely to setting forth the rules governing operating bicycles on sidewalks, providing that (1) bicyclists shall yield the

right-of-way to pedestrians (subsection (a)), (2) bicycles shall not be ridden on a sidewalk where such use is prohibited by official traffic-control devices (subsection (b)), and (3) a bicyclist shall have all the rights and duties applicable to a pedestrian under the same circumstances (subsection (c)). 625 ILCS 5/11—1512 (West 1994). We decline to follow *Bekele*'s interpretation of section 11—1205 of the Code as not applying to bicyclists because *Bekele* (1) interpreted that section in the context of a civil lawsuit for damages arising out of a traffic accident between a bicycle and a car, and (2) failed to consider section 11—1512(c) at all in construing section 11—1205. The trial court was correct that it was bound to follow *Bekele*, notwithstanding the court's misgivings, but this court is not so bound.

On appeal, defendant makes the same arguments that he made at the trial level and adds an additional one. He now points out— correctly—that the State argues as if it had charged defendant with failure to yield the right-of-way to a *person on a bicycle*, when in fact all the State alleged is that defendant failed to yield the right-of-way *to a bicycle*. He contends that because the record contains nothing that indicates a person was operating the bicycle at the time of the occurrence charged, the information charged defendant only with failing to yield to a bicycle, "which is merely an object or item of property." We find this argument unpersuasive, particularly after considering other provisions of the Code dealing with failures to yield.

Article IX of chapter 11 of the Code is comprised of nine sections, all dealing with who has the right-of-way under various circumstances and who must yield. One of these sections is section 11— 901(a), dealing with vehicles approaching or entering intersections, which reads as follows: "When 2 vehicles approach or enter an intersection from different roadways at approximately the same time, the driver of the vehicle on the left must yield the right-of-way to the vehicle on the right." 625 ILCS 5/11—901(a) (West 1994). We note that this section, when it imposes a duty to yield, speaks as follows of the person who is operating the vehicle that must yield: "the *driver of the vehicle* on the left." (Emphasis added.) 625 ILCS 5/11—901(a) (West 1994). Yet, in describing to what that driver must yield, the Code *does not* refer to the driver of the vehicle who has the right-of-way but only to the vehicle itself: "must yield the right-of-way *to the vehicle* on the right." (Emphasis added.) 625 ILCS 5/11—901(a) (West 1994).

According to the argument defendant makes regarding the bicyclist in the present case, section 11—901(a) of the Code should say "the driver of the vehicle on the left must yield the right-of-way

to *the driver of* the vehicle on the right." However, that section does not so read, and neither does any of the other eight sections in article IX of chapter 11. See 625 ILCS 5/11—901 through 11—908 (West 1994). Instead, similar to section 11—901(a), each of those sections speaks of the "driver" of the vehicle required to yield and does not refer to the *driver* of the vehicle to whom the right-of-way shall be yielded.

## III. CONCLUSION

For the reasons stated, we reverse the trial court's judgment dismissing the information and remand for further proceedings.

Reversed and remanded.

GARMAN and GREEN, JJ., concur.